**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**STEMUN MANUFACTURING COMPANY, Inc., Respondent.**

**No. 17395.**

United States Court of Appeals Sixth Circuit.

Nov. 24, 1967.

Alan D. Eisenberg, N. L. R. B., Washington, D. C., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate General Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Warren M. Davison, William J. Avrutis, Attys., N. L. R. B., Washington, D. C., on brief, for petitioner.

Roy E. Browne, Akron, Ohio, Hershey, Browne, Wilson, Steel, Cook & Wolfe, Akron, Ohio, of counsel, on brief for respondent.

Before WEICK, Chief Judge, and PECK and COMBS, Circuit Judges.

PER CURIAM.

This case is before us upon the petition of the National Labor Relations Board for enforcement of its order (153 NLRB 1278) finding the respondent company guilty of unfair labor practices and discriminatory discharge of several employees. National Labor Relations Act § 8(a) (1) and (3). The evidence is conflicting, and ordinarily this Court would review the evidence to ascertain if it is sufficient to support the Board's order. We are of the opinion, however, that the case must be remanded to the Board for the reasons hereafter stated.

In March, 1964, a new superintendent was employed by the company. He testified that, between the time of his employment in March and the union dispute in April, he prepared recommendations which were submitted to the company president in the form of a memorandum. In the memorandum the superintendent recommended the discharge of four employees in order to improve the efficiency of company operations. Three of these are among the four employees whom the trial examiner found were discharged because of their union activities. The memorandum is identified in the record as "Respondent's Exhibit 2."

The president of the company testified, in substance, that he received the memorandum prior to the union dispute and further said, "Mr. Mittendorf has it in his files." The clear inference from the president's testimony is that the memorandum had been given to Mr. Mittendorf, counsel for the Board, during the investigation of this case several weeks prior to the hearing. There was no denial of this testimony and it is not discussed in the brief for the Board.

The trial examiner found that the memorandum from the superintendent to the president was fraudulent and "was prepared just before the hearing, either by Rector [the company's agent] or with his knowledge and consent, for the sole purpose of deceiving the Board in an attempt to make it appear that it was in existence *before* union activity in April began." By reason of this finding, the examiner could "believe no part of the testimony" of either the superintendent or the president of the company. These were the chief witnesses for the company.

The Board neither agreed nor disagreed with the examiner's finding in regard to the disputed memorandum, but still adopted his "findings, conclusions, and recommendation."

The question of the genuineness of the disputed memorandum should be resolved. If the document is found to be genuine, the company should be cleared of the charge of fraud made against it by the examiner. If the memorandum is found to be false, the record should so show.

The case is remanded for the taking of additional evidence on the subject of the disputed memorandum and for findings of fact with respect thereto; also to determine what credit, if any, should be given to the memorandum as well as to the testimony of the company president and superintendent.